Rapallo, J.
 

 The office of a bill of particulars is to apprise the defendant of the items which the plaintiff intends to
 
 *429
 
 prove upon the trial, and to restrict his proofs to the matters specified. The merits of the case cannot be inquired into upon a motion for such a bill, nor can the sufficiency of the hill he determined by the allegations of the answer. The bill is but an amplification of the complaint, and the plaintiff has the right to present his case according to his own view of the facts. The responsibility of proving the items as described rests with him, and he is entitled to the opportunity of so doing.
 

 The only question oh this appeal is whether the items stricken out were sufficiently specific and definite to give notice to the defendants of the claims intended to be made upon the trial, and to enable them to confine the plaintiff’s proofs to the matters specified. We think they fully answered these requirements. They set forth various sums stated to have been remitted by the plaintiff, at the request of the defendants, and for their account to a firm in Hew Orleans, which was named. The date and amount of eacli remittance was given, with a description of the checks, etc., remitted. Proof upon the trial that these remittances were made at the request of the defendants would sustain the allegation of the complaint, that the plaintiff, at the request of the defendants, paid out money for their use, and would maintain the action, and the residue of the allegations could be treated as surplus-age. Upon that state of facts it would not he necessary to show what disposition the Hew Orleans firm made of the money. The bill of particulars certainly need not state more than the plaintiff is bound to prove. It restricts the plaintiff to proof of remittances made at the defendants’ request. If the plaintiff should seek to prove a liability for the items in question, resulting from the application of the money by the Hew Orleans firm, and not from the defendants’ request to remit to that firm, the proof would not he within the specifications, and would, therefore, be inadmissible under them.
 

 If the specifications do not accord with the facts, or if they omit matters essential to the plaintiff’s case, the defendants can take advantage of that upon the trial. All that they can
 
 *430
 
 require now is that the bill he as definite and certain as the case will admit.
 

 The order appealed from should be reversed, and the motion to strike Out denied with costs.
 

 All concur.
 

 Ordered accordingly.