HAMPTON DODGE, Respondent, *v.* HENRY WEILL, Appellant.

1. EVIDENCE OUTSIDE OF BILL OF PARTICULARS OF SERVICES, IN PROOF OF CONTRACT OF EMPLOYMENT. In an action for compensation for services under a contract of employment alleged by the plaintiff but denied by the defendant, where the plaintiff has served a bill of particulars, evidence on the part of the plaintiff of the performance by him, with the recognition of the defendant, of a service not included in the bill of particulars, shortly after the date on which the plaintiff claims the contract was made, while not admissible to permit a recovery for services outside of the bill of particulars is competent as tending to show the existence of a contract between the parties.

2. EVIDENCE UPON QUESTION OF EXISTENCE OF DISPUTED CONTRACT OF EMPLOYMENT. In an action for services under a disputed contract of employment, where the plaintiff has served a bill of particulars, evidence of a person not named in the bill of particulars, of calls received from and statements made by the plaintiff in the absence of the defendant, constituting acts tending to show performance by the plaintiff of the contract as he claimed it was, together with evidence of occurrences in the pres-.

ence of the defendant tending to show that the plaintiff was in his employ-
ment, is admissible upon the question of the existence of the contract,
when properly restricted from enhancing the damages by including items
not specified in the bill of particulars.

*Dodge* v. *Weill*, 8 App. Div. 621, affirmed.

(Argued February 2, 1899; decided February 28, 1899.)

APPEAL from a judgment of the Appellate Division of the
Supreme Court in the fourth judicial department, entered
August 6, 1896, affirming a judgment entered upon the ver-
dict of a jury.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*Samuel Weill* for appellant.  It was error to admit the
evidence of services and transactions not included in the plain-
tiff's bill of particulars. (*Mathews* v. *Hubbard*, 47 N. Y. 429;
*Higenbotam* v. *Green*, 25 Hun, 216; *Bowman* v. *Earle*, 3
Duer, 691; *Brown* v. *Williams*, 4 Wend. 368; *Dwight* v. *G.
L. Ins. Co.*, 84 N. Y. 506; *Wait* v. *Borne*, 123 N. Y. 608;
*Erban* v. *Lorillard*, 19 N. Y. 302; *Smith* v. *Webb*, 1 Barb.
230.)  It was error to admit the evidence relating to plaintiff's
acts and conversations with third persons, which acts had no
bearing upon the services and transactions included in the plain-
tiff's bill of particulars, and at which conversations defendant
was not present. (*Erban* v. *Lorillard*, 19 N. Y. 302; *N.
Y. L., etc., Co.* v. *Schnieder*, 119 N. Y. 475; *Algie* v. *Wood*,
11 J. & S. 46.)  The court erred in charging the jury that
the evidence relating to the Sucor purchase shows, or is
any evidence tending to show, or can be considered by
the jury as showing, that this contract was entered into as
claimed by the plaintiff. (*Erban* v. *Lorillard*, 19 N. Y. 299;
*Newman* v. *Goddard*, 3 Hun, 70; *Green* v. *Disbrow*, 56 N.
Y. 334; *Baird* v. *Gillett*, 47 N. Y. 186; *Worralle* v. *Par-
melee*, 1 N. Y. 519; *Carroll* v. *Deimel*, 95 N. Y. 252.)

*Willard H. Ticknor* and *William W. Hammond* for
respondent.  It is competent to give in evidence the acts of
the parties claimed to have been done, as well as the value of

the services rendered under the contract, to aid the jury in determining whether there was such a contract between them, and what that contract was, when it is denied by the other party. (*Cornell* v. *Markham*, 19 Hun, 275; *Cornish* v. *Graff*, 36 Hun, 160; *Knallakan* v. *Beck*, 47 Hun, 117; *Sturgis* v. *Hendricks*, 51 N. Y. 635; *Barney* v. *Fuller*, 133 N. Y. 605; *Swain* v. *Cherry*, 41 N. H. 232; *Blackburn* v. *Weisgerber*, 13 Wkly. Dig. 265; *People* v. *Bragle*, 10 Abb. [N. C.] 300.) The evidence of George Flyder was admissible. All that was sought to be shown by this witness was that plaintiff was there in the employ of defendant, seeking to buy land for him, as plaintiff had testified defendant had agreed with him to do, as corroborating the evidence of the plaintiff as to the existence of such a contract. (Whart. on Ev. § 21; *Carroll* v. *Pettit*, 67 Hun, 418; *McLoghlin* v. *Nat. Bank*, 65 Hun, 342; *Ostrander* v. *Snyder*, 73 Hun, 378; *Baer* v. *Koch*, 2 Misc. Rep. 334; *Frankel* v. *Wolf*, 7 Misc. Rep. 192; *Brumfield* v. *P. & S. Mfg. Co.*, 4 Misc. Rep. 194.)

Vann, J. The object of this action was to recover compensation for services alleged to have been rendered by the plaintiff for the defendant with reference to the purchase of land by the latter. The plaintiff alleged that in March, 1888, he agreed to enter the defendant's employment in looking up and negotiating purchases of land for him, and that he would work for no one else in that business; that the defendant agreed to pay him the regular commission of $2\frac{1}{2}$ per cent on such sales as plaintiff helped to bring about, and if they turned out well he should have a handsome percentage on the profits besides; that the plaintiff duly performed said contract and negotiated a number of purchases for the defendant, which resulted in his buying real estate from different persons for about $120,000 and selling the same at a profit of nearly $35,000. In a second count he alleged the performance of the same services for the defendant, at his request, and that they were reasonably worth the sum of $3,000. The plaintiff also served a bill of particulars, specifying five farms

in Niagara and Erie counties as having been purchased by the defendant through his agency, and claiming a commission upon the purchase price of each sale, as well as upon the amount of profits " made by defendant on his sale of said premises." The defendant pleaded a general denial and payment " in full for all services ever rendered " for him by the plaintiff.

The jury found for the plaintiff upon a conflict of evidence, and from the judgment of the Appellate Division, affirming the judgment entered on the verdict, the defendant appealed to this court.

Upon the trial the plaintiff testified to the making of 'the contract as alleged, and that the next day, by the direction of the defendant, he negotiated for the purchase of a farm not mentioned in the bill of particulars; that the defendant gave him a check payable to the plaintiff's order to use in the transaction, and that although a contract was signed and delivered by the owner of the land, he finally refused to perform it, and the defendant brought an action to compel performance. This evidence was objected to by the defendant upon the ground that it was not covered by the bill of particulars, but the court received it as bearing upon the question of employment and to show that the plaintiff worked for no one but the defendant.

There is no doubt as to the rule invoked by the defendant, that the office of a bill of particulars is to apprise one party of the items which the other expects to prove and to limit the recovery thereto. (*Matthews* v. *Hubbard*, 47 N. Y. 428.) This rule was not violated by the trial court, because the evidence was received to show the existence of a contract between the parties, but not to permit a recovery for services outside of the bill of particulars. The counsel for the plaintiff stated that he offered the evidence upon the question of employment, and the trial judge told the jury that the plaintiff did not ask to recover for any services rendered with reference to the farm not mentioned in the bill of particulars, but they might consider it " as bearing upon the probabilities of the plaintiff's entering into the general service of the defendant for the purpose claimed by him."

We think the evidence was admissible under the circumstances. The plaintiff asserted and the defendant denied the existence of a contract between them, whereby the former was to negotiate purchases of land for the latter exclusively. If within twenty-four hours after this contract is alleged to have been made the defendant directed the plaintiff to purchase a certain farm for him and furnished him with money to make a payment down, it tended to show not only that there was an understanding between them and that an agreement of some kind had been made, but also that the plaintiff was performing the contract as alleged by devoting his time to the business of the defendant. If true, it rendered the theory of the plaintiff as to the proposition at issue more probable, because if there was any contract, which the defendant denied, it was reasonable to believe that the plaintiff's version as to its form was correct, since the defendant gave no version thereof whatever. It was a test of the hypothesis upon which the plaintiff's case rested, as it was an effect of the same cause. Even in a case where both parties admitted there was a contract for services, but each denied the special agreement alleged by the other as to the amount to be paid therefor, it was held proper for either to prove the value of the services as it bore on the probability as to which version was true. (*Barney* v. *Fuller*, 133 N. Y. 605.) As was said in *Insurance Company* v. *Weide* (78 U. S. 438, 440), " It is well settled that if the evidence offered conduces in any reasonable degree to establish the probability or improbability of the fact. in controversy, it should go the jury. It would be a narrow rule and not conducive to the ends of justice, to exclude it on the ground' that it did not afford full proof of the non-existence of the disputed fact. Besides, presumptive evidence proceeds on the theory that the jury can infer the existence of a fact from another fact that is proved and most usually accompanies it."

Subject to objection and exception, the plaintiff was also permitted to show, by a person not named in the bill of particulars, that the plaintiff came to his place on several occasions

and tried to buy his farm for the defendant, stating that he represented him, and that on one occasion the defendant came with him.

What the plaintiff said while trying to buy the witness' farm for the defendant is to be regarded as an act rather than a declaration. All that was said and done in the absence of the defendant tended to show performance by the plaintiff of the contract as he claimed it was, while all that took place in the presence of the defendant tended to show that the plaintiff was in his employment. It was not received to enhance the damages by including items not specified in the bill of particulars, and under the instructions of the court the jury could not have considered it for that purpose.

We think that the evidence objected to was competent, and as no other question requires consideration, the judgment should be affirmed, with costs.

All concur.

Judgment affirmed.