GREENBAUM v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Term. November 6, 1903.)

1. STREET RAILWAYS—NEGLIGENCE—COLLISION WITH PEDESTRIAN—EVIDENCE.
    Plaintiff endeavored to push his cart across the street while defendant's street car was within a distance estimated by witnesses at from 15 feet to the "width of 8 or 9 houses," and, observing the car, signaled the driver to slacken speed or stop, in spite of which the car proceeded, striking and injuring plaintiff. The driver admitted that he saw plaintiff and endeavored to stop the car, but also testified that he could stop within 20 feet, and it appeared that, though he applied the brake when 12 or 15 feet from plaintiff, it did not stop until 20 feet beyond the point of collision. *Held*, that defendant was guilty of negligence.

2. SAME—CONTRIBUTORY NEGLIGENCE.
    In an action for injuries by collision with street car, evidence *held* to show plaintiff free from contributory negligence.

3. SAME—SPEED OF CAR.
    In an action against a street car company for personal injuries, caused by defendant's car striking plaintiff as he was crossing the street, evidence of bruises to the plaintiff's head was admissible as showing the violence of the collision, and thereby bearing on the speed of the car, although such injuries were not specified in the bill of particulars.

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Joseph Greenbaum against the Interurban Street Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

Henry A. Robinson (J. Ralph Hilton and William E. Weaver, of counsel), for appellant.

Gross & Sneudaira, for respondent.

BISCHOFF, J. On the day of the accident, July 15, 1902, between 11 and 12 o'clock in the forenoon, and therefore in broad daylight, the plaintiff undertook to push his cart from the north to the south side of Third street, between Avenues B and C, and across the defendant's track. At this time one of the defendant's cars was approaching in a westerly direction, and at rapid speed. When within a distance

variously estimated by the witnesses at from 15 feet to the width of "eight or nine houses" away from the plaintiff, the latter, observing the car, raised his hand as a signal to the driver either to slacken his speed or come to a stop. The driver, however, either failing to see the plaintiff with no apparent excuse, or not heeding his signal, kept approaching with unabated speed, and collided with the plaintiff and his push cart, thus causing the injuries complained of. Quite true, the driver of the car, who for that purpose had to admit that he saw the plaintiff when the latter was upon or about to cross the track, testified that he put on his brake and endeavored to stop his car in time to avoid the impact. But in this his testimony was self-contradictory, for he also testified that he could stop his car within a length of 20 feet, that he put his brake on when 12 or 15 feet away from the plaintiff, and yet did not come to a stop until he had passed the point of collision by 20 feet. It was certainly a fair conclusion from this either that the driver did not see the plaintiff when he should have done so, or that, seeing him, he made no effort to stop or slacken the speed of his car until after the accident had taken place. The plaintiff had a right to cross the street, and in so doing he was bound only to the use of ordinary care for his personal safety. Bearing in mind the usual variance in the estimate of distances when given by different witnesses, it was not unreasonable for the trial justice to conclude that under the circumstances, with his instinctive desire to avoid injury, the plaintiff's estimate of "eight or nine houses" as the distance at which he attempted to cross the track in front of the approaching car, was the more accurate. Clearly, the evidence demonstrated both the negligence of the defendant's driver and the plaintiff's freedom from negligence.

Error is assigned from the admission of evidence of bruises to the plaintiff's head. These were not among the injuries specified in the bill of particulars, but the evidence was relevant and material to the question of the negligence of the defendant's driver. The violence of the impact, as shown by the injuries sustained, had a direct bearing upon the speed of the car and the driver's efforts to abate it in time to avoid the collision. It does not appear that the evidence had the effect of enhancing the recovery. Dodge v. Weill, 158 N. Y. 346, 53 N. E. 33. The award itself was a moderate one, and we are not disposed to disturb it.

Judgment affirmed, with costs. All concur.