### BRUMBERGER v. JOLINE et al.

(Supreme Court, Appellate Term. November 11, 1910.)

1. CARRIERS (§ 316*)—INJURIES TO PASSENGER—NEGLIGENCE—PRESUMPTION.

The conductor of a car on which plaintiff was riding gave a signal for an emergency stop, whereupon the motorman applied the brakes so suddenly that his hand slipped through the glass of the front door, some of which fell on plaintiff and injured him. Defendants did not show the reason for giving the signal. *Held*, that since, without further explanation, the slipping of the motorman's hand from the brake was presumably negligent, there was no refutation of the presumption of negligence by the proof of the giving of the emergency signal, and, having failed to show the necessity therefor, the presumption that defendant was negligent was unaffected.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 316.*]

2. PLEADING (§ 327*)—BILL OF PARTICULARS.

Since the purpose of a bill of particulars is to limit plaintiff to proof of the facts set forth therein, where plaintiff has established a prima facie case according to his bill, he cannot be defeated by the fact that

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

defendant has affirmatively proven that the accident was the proximate result of the negligence of another servant than the one alleged in the bill.

[Ed. Note.—For other cases, see Pleading, Dec. Dig. § 327.*]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Louis Brumberger against Adrian H. Joline and another, as receivers of the Metropolitan Street Railway Company. Judgment for defendants, and plaintiff appeals. Reversed, and new trial ordered.

Argued before SEABURY, PAGE, and BIJUR, JJ.

Anton Gronich, for appellant.
Masten & Nichols (Henry J. Smith, of counsel), for respondents.

BIJUR, J. This action was brought to recover for personal injuries received by plaintiff while on one of defendants' cars. The motorman applied the brake so suddenly that his hand slipped, and his arm went through the glass of the front door, some of which fell upon plaintiff and injured him.

The defendants proved that the conductor gave the motorman "three bells," which calls for an emergency stop; but, as defendants could not find the conductor to secure his presence at the trial, the reason for giving the signal was not shown. Under these circumstances, defendants claim that the accident is sufficiently explained on the motorman's testimony, and that he acted as best he could when confronted with a sudden emergency, citing Wynn v. Central Park, etc., Co., 133 N. Y. 575, 30 N. E. 721, and Bittner v. Crosstown Ry. Co., 153 N. Y. 76, 46 N. E. 1044, 60 Am. St. Rep. 588. But what was held in those cases was that the company could not be charged with negligence merely because the motorman may have made an error of judgment, when confronted with an emergency. That has no application to the case at bar, since, without further explanation of the incident, the slipping of the motorman's hand from the brake is presumably just as negligent when the brake is put on suddenly as when it is put on slowly. But, even if we accept defendants' plea that this negligence is in some way to be excused by the giving of the "three bells," they have not sustained the burden of refuting the presumption of negligence by merely showing that the conductor gave "three bells." Having failed to show the necessity for the signal, it has left unaffected the presumption that the defendants were negligent.

On the argument of this appeal, the learned counsel for the defendants, on having this point called to his attention, replied that it could not avail the plaintiff appellant, because in his bill of particulars he had set out that it was the motorman's act of negligence which had caused the accident. It requires, however, no other reply to that contention than to point out, in the language of the Court of Appeals, that "the bill of particulars certainly need not state more than the plaintiff is bound to prove." Matthews v. Hubbard, 47 N. Y. 428, 429. The effect of the bill of particulars is to limit the plaintiff to

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

proof of the facts therein set forth. It would be a strange perversion of the function of the bill to allow it to defeat a plaintiff, who has made out a prima facie case, according to his bill, of negligence on the part of the defendant, when he is met by the plea of the defendant that it itself had affirmatively proven its negligence, but at the hands of one of its other servants.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.