CLARICE M. BARIGHT, Respondent, *v.* GANNA WALSKA, also Known as GANNA WALSKA FRAENKEL COCHRANE, Amended to Read GANNA WALSKA MCCORMICK, Appellant.

First Department, April 3, 1925.

Attorney and client — compensation — action for legal services — evidence as to services not included in bill of particulars improperly admitted — letter written by defendant's attorneys at close of services rendered by plaintiff was incompetent — evidence as to value of services was insufficient.

In an action by an attorney to recover the value of legal services rendered to the defendant, it is error to admit evidence as to services rendered which are not included in the bill of particulars, and it is likewise error to admit a letter written by defendant's attorneys nearly two years after the beginning of the alleged services and one year after the ending thereof, which does not in any

way refer to the services claimed to have been rendered by the plaintiff, but contains merely a reference to lawyers' fees in general.

The evidence as to the value of the services alleged to have been rendered by the plaintiff was wholly insufficient in character and quality to sustain the verdict.

APPEAL by the defendant, Ganna Walska, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 28th day of June, 1923, upon the verdict of a jury, and also from an order entered in said clerk's office on the 5th day of July, 1923, denying defendant's motion for a new trial made upon the minutes.

*Bouvier, Caffey & Beale* [*Phelan Beale* of counsel; *Louis Hasbrouck Newkirk* with him on the brief], for the appellant.

*Abraham Solomon* [*Saul Gordon* of counsel], for the respondent.

PER CURIAM:

The judgment and order should be reversed on the following grounds:

1. Evidence as to legal services rendered not included in the bill of particulars was improperly received over the objection of defendant and to which exception was duly taken. (*Smiley Steel Co. v. Schmoll,* 200 App. Div. 655; *Pace v. Amend,* 164 id. 209; citing *Aub v. Hoffmann,* 120 id. 50, 52; *Dodge v. Weill,* 158 N. Y. 346.)

2. The alleged services were rendered between January 30, 1919, and September 30, 1920. The receipt in evidence of a letter from defendant's attorneys written on August 30, 1921, nearly two years after the beginning of the alleged services and one year after the ending thereof and which in no way referred to the services claimed to have been rendered by plaintiff, but contained merely a reference to lawyers' fees in general, and to the receipt of which letter in evidence defendant duly objected and excepted on the grounds that it was after the fact, incompetent, immaterial and not binding on the defendant, was error. (*Hoag v. Wright,* 34 App. Div. 260, 263.)

3. The evidence as to the value of the services was wholly insufficient in character and quality to sustain the verdict recovered. (*Randall v. Packard,* 142 N. Y. 47. See, also, Canon 12 in Canons of Ethics adopted by New York State Bar Association, 1909, and printed in the Report of the State Bar Association for the year 1924, at p. 32.)

The judgment and order should be reversed and a new trial ordered, with costs to appellant to abide the event.

Present — DOWLING, FINCH, McAVOY, MARTIN and BURR, JJ.

Judgment and order reversed and new trial ordered, with costs to appellant to abide the event.