BAY PARKWAY NATIONAL BANK OF BROOKLYN IN NEW YORK, Plaintiff, *v.* ISHANIA SHALOM, Defendant.

Supreme Court, Kings County, August 22, 1932.

*Walter Jeffrey Carlin,* for the plaintiff.

*Thomas F. Frawley,* for the defendant.

CUFF, J. There are three motions: (1) By defendant for a bill of particulars; (2) by plaintiff to examine defendant before trial; (3) by plaintiff for a bill of particulars as to the defenses.

This is an action on a promissory note. The complaint sets forth the note and alleges execution by defendant (paragraph 2), and that defendant indorsed and delivered it to plaintiff for value (paragraph 3). Defendant denies these allegations, but admits signing and indorsing a "paper purporting to be the note. &ast; &ast; &ast;." The answer denies paragraph 4, which alleges due presentment, demand, refusal, and protest, as to all of which timely notice, the complaint alleges, was given to defendant. Paragraph 5, alleging that one dollar and thirty cents protest fee was paid, is denied by defendant because of lack of knowledge. The answer denies the sixth and last paragraph, which alleges the amount due.

Three defenses are interposed: (a) No consideration; (b) the note was made for the accommodation of plaintiff; (c) that there was an agreement between the parties not to hold defendant liable.

1. Motion by defendant for bill of particulars. Every negotiable instrument is deemed to have been issued for valuable consideration, and signers are deemed to have received full value. (Neg. Inst. Law, § 50.) The law imposes the presumption that there was consideration. Under our rules of evidence, the plaintiff will not have to prove that, it being presumed. The demands made by defendant in his application for the bill deal exclusively with the consideration given for the note or, to be exact, the lack of it. The office of a bill of particulars "is to apprise the defendant of the items which the plaintiff intends to prove upon the trial, and to restrict the proofs to the matters specified." (*Matthews* v. *Hubbard*, 47 N. Y. 428.) It follows, therefore, that, in view of the fact that plaintiff will not prove consideration, he will not be required to give particulars as to that subject. Defendant's motion will be denied.

2. Motion by plaintiff to examine defendant before trial. Plaintiff seeks to examine defendant as to each of his denials. He denies the note, its execution, indorsement, presentment, amount due, demand and refusal of payment, and that it was protested. These denials raise issues. Success as to any one would destroy plaintiff's cause of action. The purpose of the examination before trial is to aid him who has the affirmative to bear his burden. These challenges of the defendant logically require investigation. Plaintiff possesses a note which defendant denies he executed. Why wait for the day of trial to expose this astounding circumstance, at which time plaintiff may be in no position to cope with the situation? Perhaps plaintiff has made an error. It may be that he is suing the wrong defendant. The maker of the note may be another of the same name. It is preposterous to entertain the thought that such a pertinent disclosure should be reserved until the plaintiff has completed his proof at the trial. The party with the burden

should have an opportunity to get ready. Any one of these defenses, unanswered and established, would destroy plaintiff's cause of action. Under these circumstances, an examination before trial is proper. (*Oshinsky* v. *Gumberg*, 188 App. Div. 23; *Bartholomay Co.* v. *Regan*, 123 Misc. 491.)

A second reason exists why this examination should be allowed. Plaintiff has the burden of proving consideration. Each of the defenses attacks consideration. While it is true, and may be somewhat misleading, that consideration is presumed in an action on a negotiable instrument, that presumption only saves plaintiff the trouble of establishing that element of his case by proof. It does not take the burden from his shoulders. If defendant adduces evidence at the trial tending to rebut the presumption, plaintiff's favored position is nullified, and he must offer proof to establish the consideration. The burden of proving consideration is on the plaintiff. It never leaves him. He is the burdened party — the one allowed an examination before trial. (*Hoffay* v. *Hershenstein*, 232 App. Div. 149.)

3. Motion by plaintiff for a bill of particulars as to the defenses. As the defendant alleges in his second defense that the note was made as an accommodation for plaintiff, with plaintiff's knowledge and consent, plaintiff is entitled to particulars with respect to that assertion in order that he may know just what defendant intends to prove and to restrict defendant's proofs as particularized. Were the " knowledge " and " consent " imparted in writing or orally, and if in writing produce it, and if oral their substance, and, in each instance, to what officer of plaintiff, and when, were they imparted are logical interrogations for plaintiff to make in order that he be informed of and be ready to meet the extent and nature of defendant's proof. He should also state the manner in, and extent to, which plaintiff was accommodated. As to the agreement alleged in the last defense, which relieved defendant of liability on the notes, the plaintiff is entitled to know if it was written or oral. If written, defendant should produce a copy; if oral, state its substance. He should tell when, where and by what officer of the plaintiff it was made, and the consideration for it. (*Matthews* v. *Hubbard*, *supra*.)

This motion will be granted.