## THIRD DEPARTMENT, DECEMBER, 1943.
### (December 28, 1943.)

ANNA DIXON, Respondent, v. ERNEST B. MORRIS et al., as Executors of WILLIAM E. WOOLLARD, Deceased, Appellants.

LOUIS D. DIXON, Respondent, v. ERNEST B. MORRIS et al., as Executors of WILLIAM E. WOOLLARD, Deceased, Appellants.

Judgment affirmed, with costs.

Bliss, Heffernan and Schenck, JJ., concur; Hill, P. J., dissents in opinion, in which Crapser, J., concurs.

HILL, P. J. (dissenting). Appeals from two judgments in favor of tenants against the owners of tenement real property. In the wife's action, she claimed to have been injured by being struck by plaster which fell from the ceiling while she was passing through a hall; the husband's action is for loss of services and the like. The owners appeal, asserting reversible error in admitting evidence by the plaintiffs that they gave notice to defendant (William E. Woollard, now deceased — the present defendants are his executors) of the dangerous and unsafe condition.

The complaints are framed upon the theory that the defendant knew of the defective and unsafe condition, that the plaintiffs did not have notice, and that defendant invited and permitted the plaintiffs to use the common hallway without having it properly lighted so that they might learn of the dangerous and unsafe condition of the ceiling. A demand for a bill of particulars was made in each case containing, among other things, the following:

" (7) The exact date and hour when alleged actual notice of the alleged defective condition of the ceiling and plaster was conveyed to the defendant.

" (8) The method or means by which it is claimed that defendant received actual notice of the alleged defective condition including the name and address of any person who may have been notified. The name and address on the notice and the place where notification was given." The reply to these demands gave

information only as to the notice given defendant's agents after the injury and concerning it. However, another demand was for information concerning "the particular date when said alleged defective condition became known to her (plaintiff) or to the defendant". In reply to this the bill states: "(3) Plaintiff did not know of any defect in the ceiling before the accident and did not know that the ceiling was defective as alleged in the complaint until after a portion of it fell and struck her as alleged in the complaint on February 16, 1938. * * * "

The premises in question front on Broadway in the city of Albany, and the principal entrance is from that street. A hall runs from that entrance straight through the building to a door opening upon a yard in the rear. The injury was received in the rear part of this hall near the yard exit, and not in a hall, the entrance to which was kept locked, which opened upon Van Tromp Street. Upon the trial each of the plaintiffs was permitted to give testimony as to having observed the cracked and dangerous condition of the ceiling, and that each gave notice to a man who was employed by the owner. The issue as to the admissibility of the evidence was raised by a timely motion to strike out. It was denied by the court, who observed — "I think that demand must be read as relating to the events antecedent to the accident * * *. Then it has been answered, the events after the accident." The court's comment has to do with the seventh and eighth demands quoted at length above, but does not apply to demand numbered (3), a portion of which is above quoted, and the answer thereto also quoted.

There was no proof that defendant or his agents had notice of cracks in the plaster of the ceiling except as given by plaintiffs. Observation as to the cracks or notice thereof was denied by each of defendant's witnesses. The complaints were drawn upon the theory of actual and not constructive notice. The court charged as to constructive notice, but that was not the theory upon which the case was tried. There is no contention that the doctrine of *res ipsa loquitur* applies, for trial counsel for the defendant requested — "Will your Honor charge the jury that the mere fact that the plaster fell does not in and of itself make this defendant liable? The court: I so charge."

"The office of a bill of particulars is to apprise the defendant of the items which the plaintiff intends to prove upon the trial, and to restrict his proofs to the matters specified. * * * If the specifications do not accord with the facts, or if they omit matters essential to the plaintiff's case, the defendants can take advantage of that upon the trial." (*Matthews* v. *Hubbard*, 47 N. Y. 428.) This case is cited with approving comment in later cases. (*Dodge* v. *Weill*, 158 N. Y. 346, 349; *Harmon* v. *Peats Co.*, 243 N. Y. 473, 476.) Had the plaintiffs failed to answer demand (3), the court upon motion could have precluded the giving of evidence concerning notice. (Rules Civ. Prac. rule 115, subd. [c].) The demand having been complied with, and the defendant informed that the plaintiffs personally had no knowledge as to the accident or notice, their testimony to the contrary should have been excluded, and it was error for the court to deny the motion to strike it out. The judgments should be reversed for the error mentioned, and a new trial granted.