Robert V. Santangelo, J.
The merits of the case cannot be inquired into upon a motion for a bill of particulars, nor can the sufficiency of the bill be determined by the allegations of the answer (see Matthews v. Hubbard, 47 N. Y. 428); nor can defendant or the court be required to read through various testimony and exhibits in an effort to ferret the answers to the items of demand. It is plaintiff’s obligation in the first instance to respond clearly to each item of the demand without reference to extraneous matters set out in depositions or exhibits (see Michael H. Field, Inc. v. Board of Educ., N. Y. L. J., June 12, 1957, p. 6, col. 2). It would seem that a party may, however, allege its particulars on information and belief where the sources of the party’s knowledge are set forth in the verification of the bill (Lipsky v. Commerce-Pacific, Inc., 134 N. Y. S. 2d 147; Berger v. American Nat. Fire Ins. Co., 281 App. Div. 801).
Accordingly, items 2 and 7, together with all of the subdivisions thereof, shall be complied with by plaintiff. If plaintiff lacks knowledge as to these or any other particulars requested, plaintiff may state his lack of knowledge under oath in lieu thereof.
If plaintiff intends to prove upon the trial that the loan of the stock to the defendant, or its return to the plaintiff *29 upon completion of the entire purchase, or that such completion date was to be March 10 or March 21, 1961, was evidenced by a writing or writings, then plaintiff shall, under items 3, 4, 5, 8, 9 and 10, set forth a copy or copies thereof.
Item 11 and its subdivisions shall be complied with.
The motion to preclude is granted, preclusion to be effective without further application to the court unless a further bill of particulars in accordance with the foregoing is served within 20 days after service of a copy of this order with notice of entry.
As to the plaintiff’s notice of examination before trial of defendant: In view of the issues raised by defendant’s counterclaims, it would seem that plaintiff is entitled to the examination sought. As the plaintiff agrees not to ask defendant any questions previously answered in the deposition in the Federal proceedings if same becomes a part of the examination before trial herein, it is possible for counsel to agree thereto in order to avoid repetitious questioning and extended records.
Defendant is accordingly directed to attend for an examination before trial pursuant to plaintiff’s notice of examination, at Special Term, Part II of this court at 11:00 a.m., on the 10th day following service by plaintiff of his bill of particulars, such date to be agreed upon between counsel (see Supreme Ct, N. Y. County, Trial Term Rules, rule XI, subd. 9 made fully applicable to this court by our rule XII) and to produce for use pursuant to section 296 of the Civil Practice Act such books, records and papers in his possession or under his control and enumerated in the notice of examination as relate directly to the subject matter of the examination and are necessary for use in connection with specific questions that may properly be asked upon the examination. If the defendant is of the opinion that plaintiff is not entitled to any particular record being produced, objection may be registered at the examination and application may thereupon be made to the Judge presiding at Special Term for a ruling thereon. This court is in no position to properly rule on any objection at this time.